UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
ANDRE BRITTINGHAM,              :
                                :
        Plaintiff,              :   Civ. No. 18-3453 (NLH) (AMD)
                                :
    v.                          :   OPINION
                                :
CHARLES FIORE and NICHOLAS      :
LACAVARA,                       :
                                :
        Defendants.             :
_____:

APPEARANCE:

Andre Brittingham, No. 61883
Cumberland County Jail
54 West Broad Street
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Andre Brittingham, a prisoner presently incarcerated at the Cumberland County Jail, in Bridgeton, New Jersey, seeks to bring a civil rights complaint against Prosecutor Charles Fiore and Judge Nicholas Lacavara for actions arising out of his prosecution and conviction for driving with a suspended license. ECF No. 1. Plaintiff fails to identify the legal basis for his Complaint other than stating "racial discrimination," "defamation," and "maliciousness." Id. at 4, 6. Because Plaintiff is a state prisoner bringing a claim against state officials, the Court will construe the Complaint as arising under 42 U.S.C. § 1983.

1

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

I.  BACKGROUND

Plaintiff filed his Complaint on March 8, 2018, which was docketed on March 12, 2018. See ECF No. 1, Compl. at 7. In it, Plaintiff alleges that he was arrested in 2014 for driving with a suspended license, a charge on which he proceeded to trial because he alleges that he was not operating the vehicle. See id. at 6. Plaintiff alleges that he was charged with that offense on October 17, 2017. Id. Plaintiff states that he was sentenced to ninety (90) days in jail for the offense but received no credit for time already served.[1] Id.

As to Defendant Judge Lacavara, Plaintiff states that the judge served him "an injustice by sentencing [him] to a driving while suspended while not being in control of [the] vehicle" after the judge said that he would dismiss the charge if the

---

[1] Plaintiff does not appear to raise as a claim in the Complaint the denial of credit for time already served.

2

officer came to court and testified that the Plaintiff was not in control of the vehicle. Id. at 4. Plaintiff does not allege that the officer did in fact testify that the Plaintiff was not in control of the vehicle. As to Defendant Prosecutor Fiore, Plaintiff alleges that the prosecutor called his wife a prostitute and that the prosecutor also agreed to drop the charge if the officer came to court and testified that Plaintiff was not in control of the vehicle. Id. at 6.

II. STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is incarcerated. See ECF No. 7 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

    A. Claims Against Defendant Lacavara

Plaintiff does not specify the sort of legal claim he wishes to assert against Defendant Judge Lacavara. He alleges only that the judge stated that he would dismiss the charges if the officer who arrested the Plaintiff testified that Plaintiff was not in control of the vehicle and that the judge sentenced him to ninety (90) days in jail with no credit for time served. With respect to any claim asserted against Judge Lacavara, judicial immunity would bar Plaintiff's suit for money damages against him. Mireles v. Waco, 502 U.S. 9, 10 (1991) (per curiam) (a judge "shall be free to act upon his own convictions, without apprehension of personal consequences to himself") (quoting Bradley v. Fisher, 13 Wall. 335, 347, 20 L. Ed. 646 (1872)). A plaintiff can overcome judicial immunity only when the judge takes an action outside of the judge's judicial

capacity or in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12. In deciding whether an act is entitled to judicial immunity, the relevant inquiry is whether the nature and function of the act was judicial. Id. at 13. Here, Plaintiff's allegations against the judge are soundly judicial in nature and Plaintiff makes no allegation that the judge acted beyond his judicial capacity or in absence of jurisdiction. As such, the claim against Judge Lacavara must be dismissed as he is immune from suit.

 B. Claims Against Defendant Fiore

 The claims against Prosecutor Fiore must be dismissed for failure to state a claim. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was done under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

 As to the racial discrimination claim, selective enforcement of the law motivated by an individual's race may give rise to a violation of the Fourteenth Amendment. See Whren v. United States, 517 U.S. 806, 813, (1996); Bradley v. United States, 299 F.3d 197, 205 (3d Cir. 2002). To state a claim of racial discrimination under § 1983, a Plaintiff must show purposeful discrimination against him on the basis of race. See Batson v. Kentucky, 476 U.S. 79, 93 (1986). Here, Plaintiff

includes no allegations to support a claim of racial discrimination.  Plaintiff does not even allege his race or any action allegedly motivated by race that Defendant Fiore took.  Plaintiff's claim thus fails.

Because Plaintiff does not specify under which statute he seeks to bring his racial discrimination claim, the Court will also analyze his claim as arising pursuant to 42 U.S.C. § 1981.  To prove a claim of purposeful racial discrimination under § 1981, a plaintiff must establish (1) that he is a member of a racial minority, (2) the defendant's intent to racially discriminate, and (3) that the discrimination pertained to an activity enumerated in § 1981.  <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 569 (3d Cir. 2002).  The Court of Appeals for the Third Circuit has found that a plaintiff may bring a claim pursuant to § 1981 for improperly race-motivated law enforcement by a state government official.  <u>Mahone v. Waddle</u>, 564 F.2d 1018, 1027–28 (3d Cir. 1977).  For the reasons stated <u>supra</u> regarding the § 1983 racial discrimination claim, any claim brought pursuant to § 1981 would also fail.

Plaintiff references "maliciousness" in his Complaint, which the Court will liberally construe as a claim for malicious prosecution.  <u>See</u> ECF No. 1, Compl. at 6.  A plaintiff may bring a malicious prosecution claim under the Fourth Amendment pursuant to § 1983.  <u>See</u> <u>Johnson v. Knorr</u>, 477 F.3d 75, 81–82

(3d Cir. 2007). To prove malicious prosecution under § 1983, a plaintiff must establish the following elements: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Id. Without commenting on whether Plaintiff has alleged the other elements, Plaintiff's claim fails because he does not allege that the criminal proceeding ended in his favor.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to replead his claims.

Plaintiff also asserts a defamation of character claim under state law, and may also seek to bring a malicious prosecution claim under state law. See ECF No. 1, Compl. at 4. To the extent that he does, the Court declines to exercise supplemental jurisdiction over those claims in light of the

dismissal of the federal claims on which jurisdiction is based.[2]
See 28 U.S.C. § 1367(c)(3).

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice with leave to amend granted.  An appropriate order follows.


Dated: April 23, 2018                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[2] If Plaintiff files an amended complaint that alleges a cognizable federal claim, the Court will exercise supplemental jurisdiction over any state law claims that proceed.